Lee v City of New York (2018 NY Slip Op 05626)





Lee v City of New York


2018 NY Slip Op 05626


Decided on August 2, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 2, 2018

Friedman, J.P., Tom, Kapnick, Kahn, Kern, JJ.


6537 150448/14

[*1]Brenda Lee, et al., Plaintiffs-Appellants,
v
The City of New York, Defendant-Respondent.


Amabile & Erman, P.C., Staten Island (Charles A. Franchini of counsel), for appellants.
Zachary W. Carter, Corporation Counsel, New York (Jane L. Gordon of counsel), for respondent.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered February 7, 2017, which granted defendant's motion for summary judgment dismissing the complaint alleging interference with the right of sepulcher, and denied plaintiffs' cross motion for summary judgment, unanimously affirmed, without costs.
Contrary to plaintiffs' argument, the right of sepulcher does not, by definition, trump governmental immunity (see Drever v State of New York, 134 AD3d 19 [3d Dept 2015]). Moreover, defendant (the City) acted in its governmental capacity at all relevant times (see Matter of World Trade Ctr. Bombing Litig., 17 NY3d 428, 447 [2011], cert denied sub nom. Ruiz v Port Auth. of N.Y. & N.J., 568 US 817 [2012]). The specific act from which plaintiffs' claims arise is the City's treatment of the decedent's body in the context of Hurricane Sandy, i.e., as the hurricane approached, once it had struck, and in its aftermath. Plaintiffs seek to ignore or minimize the significance of that context. However, their claims directly implicate the City's emergency preparations and the decisions it made during and immediately after the unprecedented hurricane, which caused, among other things, unprecedented flooding in the Bellevue Hospital morgue — all quintessential governmental functions. Moreover, these preparations and decisions were discretionary, not ministerial (see Shipley v City of New York, 25 NY3d 645, 655 [2015]). Thus, the record demonstrates the elements of governmental function immunity from liability as a matter of law (see Valdez v City of New York, 18 NY3d 69, 75-76 [2011]).
Plaintiffs failed to establish the special relationship with the City required for holding the City liable for their injury
(see McLean v City of New York, 12 NY3d 194, 199 [2009]). In support of their contention that the City violated a statutory duty enacted for their benefit, they rely on statutes that do not contemplate private rights of action and, in any event, are not relevant to this case, which does not involve autopsy, dissection or unclaimed remains (see Public Health Law § 4215) or individuals fighting for control over the disposition of those remains (see id. § 4201). Nor did plaintiffs establish that, in its treatment of the decedent's body in the wake of Hurricane Sandy, [*2]the City voluntarily assumed a duty that generated their justifiable reliance (see McLean, 12 NY3d at 199).
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: AUGUST 2, 2018
CLERK